# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MACY'S CORPORATE SERVICES, INC.,**
**Employer Below, Petitioner**

**FILED**
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-48**          (JCN: 2023003410)

**DARLENE WOLFORD,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Macy's Corporate Services, Inc. ("Macy's") appeals the January 2, 2025, order of the Workers' Compensation Board of Review ("Board"), which found that the temporary total disability ("TTD") benefits received by Respondent Darlene Wolford after she returned to work were not overpayments and reversed and vacated the claim administrator's order declaring an overpayment of $1,369.88. Ms. Wolford filed a response.[1] Macy's did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

On August 11, 2022, Ms. Wolford suffered a workplace injury while she was employed by Macy's. She submitted a claim for workers' compensation benefits, and Macy's workers' compensation insurer found the claim compensable. Ms. Wolford returned to work at Macy's on May 9, 2024, but continued to receive TTD benefits. On May 29, 2024, Ms. Wolford's counsel contacted the claim administrator for Macy's insurer via email to advise that Ms. Wolford had returned to light duty but continued to receive TTD benefits. On that same date, the claim administrator issued an order declaring an overpayment of TTD benefits after May 8, 2024, in the amount of $1,369.88. Further, the claim administrator also advised Ms. Wolford that the overpayment would be deducted from future benefits until paid in full. Ms. Wolford protested this order.

---

[1] Macy's is represented by Jeffrey B. Brannon, Esq. Ms. Wolford is represented by Christopher J. Wallace, Esq.

On July 17, 2024, Ms. Wolford responded to interrogatories served by Macy's and stated she was temporarily and totally disabled from August 11, 2022, to December 10, 2023; from March 11, 2023, to May 8, 2024; [2] and from July 11, 2024, to the present. On January 2, 2025, the Board entered an order reversing and vacating the claim administrator's order and found that the TTD benefits paid to Ms. Wolford after she returned to work did not constitute an overpayment because neither the claim administrator nor Macy's complied with West Virginia Code § 23-4-1c(h) (2009). It is from this order that Macy's now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Macy's asserts two assignments of error, and we will consolidate them for clarity. *See Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (allowing consolidation of related assignments of error). First, Macy's argues the Board was clearly wrong in finding that the TTD benefits Ms. Wolford received after she returned to work were not overpayments. Second, Macy's argues the Board was clearly wrong when it relied on *Reed v. Exel Logistics, Inc.*, 240 W. Va. 700, 815 S.E.2d 511 (2018) and West Virginia Code § 23-4-1c(h) to support its decision. We disagree.

---

[2] Based on the document marked at Exhibit A in the appendix, it appears the March 11, 2023, date provided by Ms. Wolford in her interrogatories was an error. This document is titled "printout of income benefits paid to claimant by Sedgwick," and it states Ms. Wolford received benefits beginning again on March 11, 2024, not March 11, 2023.

As the Supreme Court of Appeals of West Virginia ("SCAWV") clearly stated in *Reed*, West Virginia Code § 23-4-1c(h)[3] describes the process by which an overpayment is defined and establishes that an overpayment of TTD benefits arises when two things occur: "an employer files a timely objection" to an order "denying an application for modification with respect to temporary total disability benefits;" and an adversarial proceeding results in an order finding "that the claimant was not entitled to receive such temporary total disability benefits." *See also Reed*, 240 W. Va. at 705, 815 S.E.2d at 516; 85 CSR § 1.12.1 (2009) (defining "overpayments" as "any monies received from, or paid on a claimant's behalf by, the responsible party to which it is subsequently determined by the responsible party that the injured worker was not entitled. Overpayment may include, but shall not be limited to, the payment of temporary total disability benefits[.]"). "Stated another way, an overpayment exists only when an employer has 'applied for modification of a temporary total disability award' and has later received, in an adversarial proceeding, a 'final decision in that case [which] determines that the claimant was not entitled to the benefits[.]'" *Id.* (quoting W. Va. Code § 23-4-1c(h)). The SCAWV found that "[t]he workers' compensation law at issue in this case plainly expresses the Legislature's intent behind W.Va. Code § 23-4-1c(h): once a work-related injury has been ruled compensable and a claimant has been awarded temporary total disability benefits, the claimant continues to receive these benefits until the employer (or it its representative) properly seeks to modify or terminate that award." *Id.* at 707, 815 S.E.2d at 518.

In this case, it is undisputed that Ms. Wolford was not entitled to TTD benefits after she returned to work on May 9, 2024, but, just like in *Reed*, neither the claim administrator nor Macy's sought to modify or terminate Ms. Wolford's TTD benefits. Similar to *Reed*, the claim administrator here had a duty to monitor this claim but inexplicably sent Ms. Wolford additional benefits between May 9, 2024, and May 29, 2024. These benefits were only terminated after Ms. Wolford's counsel contacted the claim administrator himself to advise that benefits were still being paid. The claim administrator here "had complete control of the claim and of the payment of [TTD] benefits" and it is unclear why the claim administrator did not terminate Ms. Wolford's benefits when she returned to work. *Id*. Additionally, we note that the SCAWV ruled in *Mitchell v. State Workmen's Comp.*

---

[3] Macy's argues that West Virginia Code § 23-4-1c(h) is an archaic remnant of the prior monopolistic system. This argument was rejected by the SCAWV in *Reed*, and we are bound to follow an express finding of the SCAWV majority that this "statute continues to have a strong foundation based in West Virginia's workers' compensation history." *Reed*, 240 W. Va. at 706, 815 S.E.2d at 517. While we are mindful of and sympathetic to Macy's concerns that the result constitutes double dipping, the SCAWV's majority decision and reasoning in *Reed* can be overruled or modified solely by the SCAWV or the Legislature.

*Comm'r*, 163 W. Va. 107, 126-127, 256 S.E.2d 1, 14 (1979), that the Commissioner, which is now the claim administrator, may not terminate TTD benefits retroactively, and that "the proper date for termination of the benefits is the date of the [claim administrator's] termination order." In this case, the claim administrator issued its order on May 29, 2024. Because the claim administrator did not terminate the TTD benefits as required when Ms. Wolford returned to work, the Board, following *Reed*, correctly determined that the claim administrator may not seek to recover the benefits paid from May 9, 2024, to May 29, 2024, as overpayments.

Accordingly, we affirm the Board's January 2, 2025, order.

Affirmed.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

4